IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES BROWN<br>721 Kennedy Avenue<br>Johnstown, PA 15901 | CIVIL ACTION |
| Plaintiff, | No. 3:16-cv-262 |
| v. | |
| | JURY TRIAL DEMANDED |
| AAARVBL, LLC, d/b/a SUPER 8 MOTEL<br>JOHNSTOWN<br>627 Soloman Road<br>Johnstown, PA 15994<br>and<br>BOB PATEL<br>627 Soloman Road<br>Johnstown, PA 15994 | |
| Defendants. | |

**CIVIL ACTION COMPLAINT**

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1. This action has been initiated by Charles Brown (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) against AAARVBL, LLC, d/b/a Super 8 Motel Johnstown and Bob Patel (*hereinafter* referred to collectively as "Defendants") for violations of 42 U.S.C. § 1981. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where they are subjected to personal jurisdiction, rendering Defendant resident of the Western District of Pennsylvania.

### PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff resides at the above-captioned address and is an adult individual.

7. Defendant AAARVBL, LLC, d/b/a Super 8 Motel Johnstown ("Defendant Super 8") is a hotel providing temporary overnight accommodations. This is legal entity established and operating in Pennsylvania.

8. Defendant Bob Patel ("Defendant Patel") is the operations manager, an executive and owner of Defendant Super 8. He also has and continues to manage employees of Defendant Super 8 on a daily basis. While Defendant Patel regularly had employees refer to him as "Bob" as to his first name, it is believed that this first name may be an abbreviation or nickname and thus Plaintiff will amend the above-captioned complaint once Defendant Patel's actual legal name becomes available. Defendant Patel also operates and/or owns other similar hotels.

9. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff is a black (African-American) male.

12. Plaintiff was hired to and did in fact work within Defendants' location at 627 Solomon Road in Johnstown, Pennsylvania.

13. Defendant Patel owned and operated Defendant Super 8, and Defendant Patel interacted with Plaintiff on a consistent basis during Plaintiff's short period of employment with Defendants. Defendant Patel is a non-African American who is upon information and belief of Indian descent.

14. Upon hire and during his short tenure, Plaintiff worked as a maintenance employee performing various repairs as needed and continual building and grounds upkeep. When needed, Plaintiff also did housekeeping duties. He averaged 30-35 of hours per week of work for Defendants.

15. In total, Plaintiff was employed for only about 2 months for Defendants, as he was hired in or about August of 2016 and terminated involuntarily on or about October 5, 2016.

16. Plaintiff was specifically terminated because of his race and because he complained of racial discrimination to Defendant Patel.

17. Defendant Patel was exceedingly racist towards Plaintiff (and black individuals in general). Specifically:

a) He was continually condescending towards Plaintiff during Plaintiff's limited period of employment unlike other non-black employees;

b) He hired only non-black employees, but Plaintiff was hired as a result of a referral from a supervisor; and

c) He, on a daily basis, referred to Plaintiff as "your kind," "you people," and other similar comments that were directed at Plaintiff's race (or about guests).

18. It was not just Plaintiff's direct experience with blatant racism by Defendant Patel, it was observed and verified by Defendant Super 8's own Supervisor (a Caucasian female). *See e.g.* Sworn Certification of Krista Walter, attached hereto as "Exhibit A."

19. On multiple occasions before Plaintiff was terminated and in close proximity to same, Plaintiff confronted Defendant Patel about feeling discriminated against by him. Defendant Patel was so discriminatory, even when Plaintiff confronted him about being talked to in a racist manner, Defendant Patel brushed him off saying I do a lot to help your kind.

20. Plaintiff was not given progressive discipline during his short tenure, did a good job as a maintenance person, and was terminated after complaining of discrimination on several instances by Defendant Patel.

21. Plaintiff was replaced with a non-black (Caucasian) maintenance employee upon termination.

**Count I**
**Violations of 42 U.S.C. § 1981**
**(Race Discrimination, Retaliation & Hostile Work Environment)**
**- Against Both Defendants -**

22. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

23. Plaintiff was terminated because of his race and/or for having complained about discrimination. He was also subjected to a hostile work environment leading up to his termination from employment for approximately 2 months.

24. Plaintiff was specifically discriminated against, subjected to a hostile work environment and terminated all by Defendant Patel (a high-level manager and owner of Defendant Super 8).

25. These actions as aforesaid constitute violations of 42 U.S.C. § 1981.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

                                        Respectfully submitted,

                                        **KARPF, KARPF & CERUTTI, P.C.**

By:    _____
                                        Ari R. Karpf, Esq.
                                        3331 Street Road
                                        Two Greenwood Square
                                        Suite 128
                                        Bensalem, PA 19020
                                        (215) 639-0801

Dated: December 12, 2016

# Exhibit A

| | |
|---|---|
| CHARLES BROWN | : |
|    Plaintiff, | : |
| v. | : |
| AAARVBL, LLC, d/b/a SUPER 8 MOTEL | : |
|    Defendant. | : |

### SWORN CERTIFICATION OF KRISTA WALTER

1. I, Krista Walter, am an adult individual over the age of 18, and I make the following statements to the best of my knowledge, based upon my personal observations, and under penalties of perjury and false swearing. I also understand this Certification may be utilized in a lawsuit.

2. I am a Caucasian female, and I have been employed at AAARVBL, LLC, d/b/a Super 8 Motel ("Super 8"). I have worked for Super 8 as a Supervisor.

3. Charles Brown is an African-American male who was hired by Super 8 to work as a maintenance person. I believe the primary reason he was considered for hire is because I recommended him. I however write this Certification because of how atrocious he was treated after my recommendation and his subsequent hire.

4. Mr. Brown was only employed for about 2 months. Everyone in the facility, including myself, are indirectly supervised by the owner who refers to himself as Bob Patel. Mr. Patel is an extremely poor-quality individual who repeatedly and habitually lies. He lies to employees, customers, and conceals problems, bed bugs, other health concerns and engages in discriminatory behavior(s).

5. To my knowledge, Mr. Patel operates multiple hotels including the one in the caption of this Certification. I personally observed Mr. Patel conduct himself in a racially

discriminatory manner towards Brown and in general. Mr. Patel makes inappropriate comments about black people (including customers and towards Mr. Brown when he was employed).

6. I also am personally aware that Mr. Brown complained of racial concerns to Mr. Patel, as this was shared with me by both Mr. Brown and Mr. Patel. Mr. Brown was terminated shortly after expressing concerns of mistreatment based upon his race.

7. It is my personal opinion that Mr. Brown experienced blatant racial discrimination, was terminated due to concerns he raised about the treatment, and he was replaced by a Caucasian employee.

_____
Krista Walter

Date: 10-14-16